NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMAN SAMODOVITZ, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 06-1510 (JAP) |
| BOROUGH OF NEW PROVIDENCE, | |
| | **OPINION** |
| Defendant. | |

PISANO, District Judge.

Before the Court is Defendant Borough of New Providence's (the "Borough" or "Defendant") motion for summary judgment under Federal Rule of Civil Procedure 56. *Pro se* Plaintiff Norman Samodovitz ("Samodovitz" or "Plaintiff") opposes Defendant's motion.[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The Court decides this motion without oral argument as permitted by Fed. R. Civ. P. 78. For the reasons set forth below, the Court grants summary judgment in favor of Defendant and dismisses the complaint in its entirety.

**I.   Background**

Plaintiff is employed by the Borough as its Assistant Director of Community

---

[1] In addition to filing an opposition to Defendant's motion for summary judgment, Plaintiff also filed a "Motion to Dismiss Defendant's Motion for Summary Judgment," arguing that Defendant's motion for summary judgment should be dismissed because it was untimely served on Plaintiff. Defendant mailed copies of the summary judgment motion to Plaintiff on Monday, October 30, 2006, one business day after the Friday, October 27, 2006 dispositive motion filing deadline. Because Defendant <u>filed</u> the summary judgment motion on October 27, 2006, however, the Court will consider the motion.

Activities/Recreation Director.  He has been an employee at will of the Borough since 1975.  Plaintiff's main responsibilities for the Borough are to manage recreational and instructional programs, to manage summer music, art, and enrichment programs, to manage handicap programs, to manage recreational facilities, and to obtain and utilize grants for recreational facilities.

Plaintiff filed the instant action against the Borough on March 30, 2006.  Plaintiff first alleges that the Borough violated N.J.S.A. 40:12, the New Jersey statute governing municipal recreation commissions, by giving him a salary increase smaller than that recommended by the Borough's Recreation Commission in 2002.  The Borough's Recreation Commission had recommended that the Mayor and Council give Plaintiff a raise of approximately $13,400.  The Mayor and Council did not follow this recommendation, and instead, awarded Plaintiff $5,900.  Plaintiff also alleges that the Borough violated N.J.S.A. 40:12 by failing in 2005 to appoint him as Recreation Director for a fixed term, despite his request that he receive such appointment.

Plaintiff's remaining allegations stem from what he terms in his complaint as "Plaintiff's Criticism of Political Patronage."  In late November of 2005, a letter to the editor of the New Providence Independence Press was published by Michael Shapiro ("Shapiro"), a leader of the Democratic Party.  The letter criticized as political patronage the hiring of Kenneth DeRoberts ("DeRoberts") as Administrator and CFO of the Borough because DeRoberts had served as campaign manager for Allen Morgan ("Morgan"), who had been elected mayor of the Borough in 2000 and 2004.  After he was elected mayor, Morgan had recommended that DeRoberts serve as Administrator and CFO of the Borough.  The letter also criticized DeRoberts' "high salary raises" and the Borough's plan to employ DeRoberts in 2006 even though he would be

maintaining a permanent residence in Kentucky.  (Compl. ¶ 30).  Plaintiff asserts that the letter to the editor was based in part on a "New Providence Government Facts Sheet" ("Fact Sheet") that was sent to the Democratic Party and brought to the attention of Douglas Marvin ("Marvin"), Deputy Borough Administrator.  Plaintiff claims that he authored the Fact Sheet.

Shortly after the letter to the editor was published, Plaintiff alleges that he met with Marvin.  Plaintiff alleges that he criticized as political patronage the conditions under which DeRoberts was hired, DeRoberts' original salary, DeRoberts' anticipated salary raises in subsequent years, and the Borough's plan to hire DeRoberts as CFO in 2006 while DeRoberts lived in Kentucky.  Plaintiff further alleges that Marvin defended the original hiring of DeRoberts and the Borough's plan to hire DeRoberts in 2006.  Plaintiff asserts that Marvin "accused Plaintiff of authoring the Fact Sheet and sending it to the Democratic Party, and expressed anger at the sending of the Fact Sheet to the Democratic Party and publication of the Letter."  (Compl. ¶ 32).  Plaintiff claims that Morgan, DeRoberts, and Marvin "view Plaintiff as a threat to disclosing to the public other government waste and political patronage within the Borough."  (Compl. ¶ 34).

In January of 2006, Samodovitz did not receive a salary raise.  He alleges that every other Borough employee received a salary raise.  Plaintiff also complains that he received an initial evaluation for his 2005 work performance in February 2006, and that no other Borough employee received an evaluation.  Plaintiff alleges that the issuance of written performance evaluations and the lack of a salary raise in January 2006 violated his rights of free speech and equal protection under the United States and New Jersey Constitutions and the New Jersey Conscientious Employee Protection Act ("CEPA").  Plaintiff also alleges defamation and the intentional

infliction of emotional distress.

The Borough contends that Plaintiff received written evaluations in 2005 and 2006 because of his consistently poor work performance in 2004 and 2005. The Borough also contends that Plaintiff did not receive a salary increase in 2006 because his job performance remained poor and because he demonstrated little effort or willingness to address the concerns of his supervisors. The Borough asserts that much of Plaintiff's poor performance was documented in detail by his superiors well before Shapiro's November 2005 "criticism of political patronage" and before the meeting Plaintiff describes that he had with Marvin.

## II.   Legal Standard

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the moving party must first show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The substantive law governing the dispute will determine which facts are material and only disputes over those facts 'that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Simmerman v. Corino*, 804 F.Supp. 644, 649 (D.N.J. 1992) (quoting *Anderson*, 477 U.S. at 248).

If the moving party can show that no genuine issue of material fact exists, the burden then shifts to the non-moving party to present evidence that a genuine issue of fact exists. *Celotex Corp.*, 477 U.S. at 324. In determining whether a genuine issue of material fact exists, the Court must view the facts in the light most favorable to the non-moving party and extend all reasonable inferences to that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stephens v. Kerrigan*, 122 F.3d 171, 176-177 (3d Cir. 1997). "[A]n opponent may not prevail merely by discrediting the credibility of the movant's evidence; it must produce some affirmative evidence." *Big Apple BMW v. BMW of N. Am.*, 974 F.2d 1358, 1363 (3d Cir. 1992). Summary judgment should be granted "unless the party opposing the motion provides evidence such that a reasonable jury could return a verdict in favor of the nonmoving party." *Hargrave v. County of Atlantic, et al.*, 262 F.Supp.2d 393, 410 (D.N.J. 2003) (internal quotations and citations omitted). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In making this determination, the Court shall not "weigh the evidence and determine the truth of the matter," but only needs to determine whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. In order to satisfy this standard, however, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . ." *Matsushita*, 475 U.S. at 586-87 (citations omitted). Instead, the non-moving party must prove beyond a "mere scintilla" of evidence that a genuine issue of material fact exists. *Big Apple BMW*, 974 F.2d at 1363. Similarly,"[a]n otherwise properly supported motion for

summary judgment will not be defeated by the mere existence of some factual dispute between the parties," unless the dispute over those facts may affect the outcome of the lawsuit. *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995).

The non-moving party may not simply rest on its pleadings, *Celotex Corp.*, 477 U.S. at 324, nor may it rest on mere allegations, *Anderson*, 477 U.S. at 243. Likewise, "a party cannot rely upon self-serving conclusions, unsupported by specific facts in the record." *Laresca v. Am. Tel. & Tel.*, 161 F.Supp.2d 323, 327 (D.N.J. 2001) (citing *Celotex Corp.*, 477 U.S. at 322-23). Unsworn arguments of counsel and "unsupported allegations in [the non-moving party's] memorandum or pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). Rather, the party opposing summary judgment must present actual, admissible evidence that establishes a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 324, *Anderson*, 477 U.S. at 243.

**III.** **Analysis**

**A.** **N.J.S.A. 40:12 Claims**

Plaintiff alleges that Defendants violated N.J.S.A. 40:12, the statute governing municipal "boards of recreation commissioners," by awarding him a raise of $5,900 in 2002, despite the Recreation Commission's recommendation that he be given a salary increase of $13,400. Plaintiff further alleges that in 2005, the Borough violated N.J.S.A. 40:12 by failing to appoint him to a fixed term as Recreation Director.

As an initial matter, the Court notes that it does not appear that N.J.S.A. 40:12 creates a private right of action. First, the text of N.J.S.A. 40:12 does not explicitly create a private cause of action to enforce its terms. In the absence of an explicit private cause of action, courts look to

6

whether there is any evidence that the legislature intended to create a private cause of action under a statute. *See Matter of State Com'n of Investigation*, 108 N.J. 35, 41 (1987). The Court has found no evidence of legislative intent to indicate that N.J.S.A. 40:12 creates a private cause of action.

Even if a private right of action existed under the statute, however, Plaintiff fails to state a claim with respect to both his salary increase in 2002 and the failure of the Borough to appoint him to a fixed term as Recreation Director in 2005. N.J.S.A. 40:12-6 provides that "[t]he board [of recreation commissioners] may appoint a recreation director for a term not to exceed 3 years, a secretary or clerk, and such number of custodians, supervisors and assistants for the several playgrounds and recreation places under its control as they shall think necessary, and fix and determine their salaries."

Plaintiff's allegation that the Borough violated N.J.S.A. 40:12 in awarding him a raise of $5,900 in 2002, despite the Recreation Commission's recommendation that he be given a salary increase of $13,400, fails to state a claim. Plaintiff has been an employee at-will with the Borough for over 30 years. Although he retained the title of "Recreation Director" for some time, he was never appointed to be the recreation director by the board of recreation commissioners. Nor was he ever given a specific term of appointment. A plain reading of N.J.S.A. 40:12-6 indicates that the Recreation Commission had no authority to fix and determine his salary. Rather, the Recreation Commission could simply recommend that Plaintiff receive a certain salary increase. The Borough did not violate N.J.S.A. 40:12-6 in not following this recommendation.

Similarly, Plaintiff fails to state a claim in alleging that the Borough violated N.J.S.A.

7

40:12 by failing to appoint him to a fixed term as Recreation Director in 2005.[2] The statute expressly provides that the board of commissioners "*may* appoint a recreation director for a term not to exceed 3 years." N.J.S.A. 40:12-6 (emphasis added). A plain reading of the statute clearly indicates that Plaintiff had no statutory right to be appointed recreation director. Thus, the Recreation Commission's failure to appoint Plaintiff as Recreation Director for a fixed term does not amount to a violation of N.J.S.A 40:12.

B.     **Freedom of Speech Claims**

Plaintiff alleges that the lack of salary increase in 2006 and the issuance of written performance evaluations violated his free speech rights under the First Amendment of the United States Constitution and Article I, Paragraph 6 of the New Jersey Constitution. Plaintiff's claim that Defendant violated his free speech rights under the First Amendment of the United States Constitution is potentially actionable under 42 U.S.C. § 1983. Plaintiff's claim that Defendant violated his free speech rights under Article I, Paragraph 6 of the New Jersey Constitution is potentially actionable under the New Jersey Civil Rights Act of 2004, codified at N.J.S.A. 10:60(c). New Jersey courts rely on federal constitutional principles in interpreting the free speech clause of the New Jersey Constitution. *Johnson v. Yurick*, 156 F.Supp.2d 427 (D.N.J. 2001) (citing *Karins v. City of Atlantic City*, 152 N.J. 532 (1988)).

To establish a First Amendment violation a plaintiff must first demonstrate that he engaged in a protected activity. *Kadetsky v. Egg Harbor Tp. Bd. of Educ.,* 82 F.Supp. 2d 327,

---

[2] Plaintiff argues that the Mayor interrupted a Recreation Commission meeting and prevented a vote that would have resulted in Plaintiff's appointment. Plaintiff has not demonstrated, however, that the vote would have resulted in his appointment. Further, Plaintiff had no statutory right to such appointment.

336 (D.N.J. 2000).  Next, the plaintiff must show that the activity was a substantial or motivating factor in the alleged retaliatory action.  *Id.*   Finally, the defendant may defeat the plaintiff's claim by demonstrating that the same action would have been taken even in the absence of the protected activity.  *Id.*

Plaintiff has demonstrated that he engaged in a protected activity.  Specifically, Samodovitz claims that he met with Marvin, the Borough Deputy Administrator, in November 2005 and criticized various personnel decisions of the governing body.  Further, although not alleged in his complaint, Plaintiff asserts that he authored the Fact Sheet.  Defendant concedes that because Plaintiff's alleged speech involved the expenditure of public funds, it constitutes protected speech.

Plaintiff has not demonstrated, however, that his criticism of "political patronage" within the Borough was a substantial or motivating factor in the Defendant's decision not to increase Plaintiff's salary or to issue him written performance evaluations.  A causal link is an element essential to Plaintiff's case, upon which he bears the burden of proof.  *See Celotex,* 477 U.S. at 322; *Dymburt v. Rao*, 881 F.Supp. 942, 944 (D.N.J. 1995).  Plaintiff has not provided any evidence of such a causal link.  Instead, in opposing Defendant's motion, Plaintiff relies on self-serving, conclusory statements without pointing to any support in the record.  These statements amount to nothing more than mere allegations that Defendant retaliated against Plaintiff.  The Court has conducted a thorough review of the evidence in the record, and finds no evidence to support Plaintiff's allegations.

On the contrary, Defendant has provided evidence that demonstrates that the issuance of written performance evaluations to Plaintiff and the Borough's withholding of a raise in 2006

were the result of the Borough's opinion that Plaintiff was poorly performing his job. This opinion of the Borough is amply supported in the record by notes and performance evaluations that *pre-date* the publication of Shapiro's letter to the editor, which occurred in November 2005. *See* "notes prepared by the Recreation Committee documenting a Personnel Meeting with Mr. Samodovitz on 1/12/2004," attached to the affidavit of Douglas Marvin ("Marvin affidavit") as Exhibit G; "copy of a 1/17/05 letter from DeRoberts to Samodovitz regarding his performance in 2004, attached to the Marvin affidavit as Exhibit H; "Director of Community Activities Tsu-Lin Toner's 'Notes to File' of 10/20/04 regarding Mr. Samodovitz's performance over the first ten months of 2005," attached to the Marvin affidavit as Exhibit I. Such notes and performance evaluations also pre-date the discussion Plaintiff alleges he had with Marvin in November of 2005, where Plaintiff criticized political patronage within the Borough.

Because the record is devoid of any evidence that Defendant violated Plaintiff's free speech rights under the First Amendment, Defendant is granted summary judgment as to Plaintiff's free speech claims.

**C.      Whistleblower Claims under the New Jersey Conscientious Employee Protection Act**

Plaintiff contends that the Defendant violated the New Jersey Conscientious Employee Protection Act ("CEPA") by retaliating against him because of his criticisms of political patronage within the Borough. To establish a prima facie CEPA claim, Samodovitz must show (1) he reasonably believed his employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) he 'blew the whistle" on the employer's conduct; (3) his employer took adverse action against him; and (4) a causal

connection exists between his whistle-blowing activity and his employer's action. *Dzwonar v. McDevitt*, 177 N.J. 451, 462 (2003); *Blackburn v. United States Parcel Service, Inc.*, 179 F.3d 81, 92 (3d Cir. 1999). The Court notes that Plaintiff's CEPA claims closely resembles Plaintiff's free speech claims.

Plaintiff cannot establish a prima facie CEPA claim, even assuming 1) that Plaintiff reasonably believed the Borough was violating a law, rule, or regulation promulgated pursuant to law, or violating a clear mandate of public policy; 2) that Plaintiff's conduct in criticizing the Borough of engaging in political patronage or in authoring the Fact Sheet constituted whistle-blowing; and 3) that the Borough took an adverse action against Plaintiff. Indeed, Plaintiff has not provided any evidence to demonstrate the fourth element of a prima facie CEPA claim- the existence of a casual nexus between Plaintiff's alleged whistle-blowing activity and the Borough's alleged adverse actions. The Court discussed this factor relative to Plaintiff's free speech claims. *See* III. B. *supra*. Because the Court finds that a reasonable jury could not find that a causal connection existed between Plaintiff's alleged whistle-blowing activity and the Borough's alleged adverse actions, Defendant is granted summary judgment on Plaintiff's CEPA claims.

**D.** **Equal Protection Claim**

Plaintiff alleges that the Borough violated his right to Equal Protection under the Fourteenth Amendment. To establish a violation of the Equal Protection clause, a plaintiff must show that an allegedly offensive categorization invidiously discriminates against the disfavored group. *Price v. Cohen*, 715 F.2d 87, 91 (3d Cir. 1983). Equal protection does not require that "all persons be treated alike but, rather, [is] 'a direction that all persons similarly situated should

be treated alike.'" *Artway v. Attorney General of New Jersey*, 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985)).  To state an equal protection claim, a plaintiff must "allege and prove that he received different treatment from other similarly situated individuals or groups." *Brown v. Borough of Mahaffey, Pa.*, 35 F.3d 846, 850 (3d Cir. 1994).  If a rule or regulation neither burdens a fundamental right nor targets a suspect class, it does not violate the Equal Protection Clause, so long as it bears a rational relationship to some legitimate end.  *Romer v. Evans*, 517 U.S. 620, 631 (1996).

  Here, Plaintiff has not alleged that the Borough burdened any of his fundamental rights, nor that he was targeted as a member of a suspect class.  It appears that Plaintiff is attempting to assert the "class of one" theory to support his Equal Protection claim.  Under this theory, Plaintiff must show (1) that he was treated differently from others similarly situated; (2) that the Borough's treatment was intentional; and (3) that there was no rational basis for the difference in treatment.  *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).  Under the rational basis standard of review, the municipality only has to show a legitimate basis for the treatment.  *Brian B. v. Pennsylvania Dep't. Of Educ.*, 230 F.3d 582, 586 (3d Cir. 2000).

  Plaintiff asserts that he was treated differently than other similarly situated Borough employees.  He defines other similarly situated Borough employees as full-time nonunionized Borough employees.  Plaintiff claims that he received written job performance evaluations and no salary increase in 2006, while other Borough employees did not receive written evaluations and did receive raises.

  The Borough has articulated a rational basis for giving Plaintiff written evaluations – Plaintiff received poor evaluations in 2004 and 2005, and his supervisor chose to continue a

program of written evaluation and a corrective plan in order to improve his performance. Similarly, the Borough has articulated a rational basis for not giving Plaintiff a raise in 2006 – Plaintiff is an at-will employee and any potential salary raise was based on merit. Defendant felt that Plaintiff's performance for the prior year did not warrant an increase in Plaintiff's salary for 2006.

Although not alleged in his complaint, Plaintiff also appears to infer in his opposition to the instant motion and in subsequent filings with the Court that the Defendant discriminated against Plaintiff based on Plaintiff's age and religion. The Court finds that each of these allegations is without merit. Because Plaintiff is clearly unable to establish a violation of the Fourteenth Amendment, Defendant is granted summary judgment dismissing Plaintiff's claim.

**E.     Defamation Claim**

Plaintiff alleges that the Borough defamed him through the denial of salary increases, false and biased evaluations, denial of a salary raise in 2006, threats of firing, and harassment. He claims that his professional reputation has been damaged as a result.

To succeed on a claim of defamation, a plaintiff must show "(1) that Defendant made a defamatory statement of fact; (2) concerning the Plaintiff; (3) which was false; (4) which was communicated to persons other than the Plaintiff; and (5) fault." *Mayflower Transit, L.L.C. v. Prince*, 314 F. Supp. 2d 362, 372 (D.N.J. 2004) (citing *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186 (3d Cir. 1998)).

Plaintiff has the burden of establishing defamation through clear and convincing evidence. *Rocci v. Ecole Secondaire Mcdonal-Cartier*, 165 N.J. 149, 159 (2000). The Court finds that Plaintiff cannot meet this burden. First, Defendant's actions in denying Plaintiff a

13

salary raise and allegedly harassing and threatening to fire Plaintiff are not "statements." Further, regarding the written evaluations, Plaintiff has not provided the Court with any evidence that the statements in Plaintiff's performance evaluation were false. Plaintiff's evaluations contained expressions of opinion, which are not non-defamatory as a matter of law. *Avins v. White*, 627 F.2d 637, 642 (3d Cir. 1980), *cert. denied*, 449 U.S. 982 (1980). Plaintiff also has not demonstrated that any of his written evaluations were communicated to third parties. Having failed to make a sufficient showing as to all of the elements of its claim, Plaintiff cannot defeat Defendant's motion for summary judgment. As the Supreme Court has stated:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986).

**F.     Intentional Infliction of Emotional Distress Claim**

New Jersey recognizes the tort of intentional infliction of emotional distress. In order to recover for such a claim, "the plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Griffin v. Tops Appliance City, Inc.*, 337 N.J. Super. 15, 22 (N.J. Super. Ct. App. Div. 2001). More specifically, New Jersey courts have defined a plaintiff's burden of proof:

> Initially, the plaintiff must prove that the defendant acted intentionally or recklessly. For an intentional act to result in liability, the defendant must intent

14

> both to do the act and to produce emotional distress. Liability will also attach when the defendant acts recklessly in deliberate disregard of a high degree of probability that emotional distress will follow.  Second, the defendant's conduct must be extreme and outrageous.  The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Third, the defendant's actions must have been the proximate cause of the plaintiff's emotional distress.  Fourth, the emotional distress suffered by the plaintiff must be "so severe that no reasonable man could be expected to endure it."

*Id.* at 22-23 (quoting *Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 366-67 (N.J. 1988)). "Generally, it is rare to find conduct in the employment context which will rise to the level of outrageousness necessary to provide a basis for recovery on a claim of intentional infliction of emotional distress." *Harris v. Middlesex County College*, 353 N.J. Super. 31, 46 (N.J. Super. Ct. App. Div. 2002) (citations and internal quotations omitted).

Plaintiff's Complaint alleges that "Mr. Morgan, Mr. Marvin, Mr. DeRoberts and Ms. Toner have intentionally inflicted emotional distress on Plaintiff by false and biased Initial and Updated Evaluations, denial of the Salary Raise, threats of firing and harassment in an attempt to punish Plaintiff (for Plaintiff's exercise of Freedom of Speech and "whistle blowing") and drive Plaintiff to resign.""  (Compl. ¶52).  The Complaint further alleges that the severe emotional distress caused "physiological harm to Plaintiff." (Compl. ¶53).  Plaintiff has failed, however, to produce any evidence in support of his claim of intentional infliction of emotional distress. Specifically, he has failed to provide evidence that the alleged conduct was "so extreme in degree, as to go beyond all possible bounds of decency," has failed to provide any evidence of severe emotional distress, *see Griffin*, 337 N.J. Super. at 26, and in any event, has not shown that Defendant's alleged conduct was the proximate cause of the alleged distress.  The absence of

proof on this claim, for which Plaintiff would bear the burden of proof at trial, renders all other facts immaterial.  Summary judgment is granted in favor of Defendant, and the claim is dismissed.

**IV.**     **Conclusion**

In conclusion, for the reasons stated above, the Court grants Defendant's motion for summary judgment.  Accordingly, Plaintiff's complaint is dismissed in its entirety and this matter is hereby closed.  An appropriate order accompanies this opinion.


DATED: April 24, 2007                                       s/ Joel A. Pisano
                                                                       JOEL A. PISANO, U.S.D.J.